# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| LAWRENCE MCCAULEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:16-cv-00573 |
| ADAM COOK, et al., | ) ) ) | REEVES/STEGER |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Lawrence McCauley ("Plaintiff") initiated this action when he filed a Complaint on September 21, 2016 alleging constitutional violations pursuant to 28 U.S.C. § 1983 [Doc. 2], along with a motion for leave to proceed *in forma pauperis* [Doc. 1]. On December 20, 2016, the Court screened Plaintiff's complaint to determine whether, *inter alia*, the pleading failed to state a claim which would entitle Plaintiff to relief under § 1983 [*Id.*]. The Court allowed Plaintiff's claims to proceed against Defendant Adam Cook ("Defendant") in his individual capacity [*Id.*]. According to the docket, service was executed on Defendant on February 7, 2017 [Doc. 9]. However, Defendant has not filed a responsive pleading, sought to extend the time in which to file a responsive pleading, or otherwise appeared in this action. *See* Fed. R. Civ. P. 12(a)(1) (providing a defendant has twenty-one days in which to file a responsive pleading); E.D. Tenn. L. R. 12.1. Over a year passed and Plaintiff failed to request that the Clerk enter default or move for a default judgment.

On May 9, 2018, this Court ordered Plaintiff to show cause within thirty days explaining why his claims against Defendant should not be dismissed pursuant to Federal Rule of Civil

Procedure 41(b) for failure to prosecute [Doc. 10]. The Court notified Plaintiff that failure to comply with the terms of the order will result in dismissal of his case [*Id.*]. On May 21, 2018, the show cause order was returned as "Undeliverable" with the notation "Not Here" and no forwarding address [Doc. 11]. Plaintiff has not filed any other response to the Court's order and the deadline to do so has passed. Thus, Plaintiff has failed to comply with the terms of this Court's order and with Local Rule 83.13, which requires that Plaintiff provide an updated address to this Court within fourteen days of any change in address.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this action can be attributed to his own willfulness or fault. Notably, this Court's attempt to contact Plaintiff regarding his case was unsuccessful. Whether willful or negligent, Plaintiff has failed to update

his address and/or monitor this action as required by Local Rule 83.13. Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Accordingly, the first factor weighs in favor of dismissal. The second factor, however, weighs against dismissal; since Defendant has not filed any response in this action, Defendant has not been prejudiced by Plaintiff's inactions. By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's order, despite being expressly warned of the possible consequences of such a failure [Doc. 6 p. 5; Doc. 10 p. 2]. Finally, the Court finds that alternative sanctions would not be effective. Plaintiff has filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. The Court does not believe that a dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's compliance. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**